**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 08-4402**
_____

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

TERWIN LEMAR BROWN,

                    Defendant - Appellant.
_____

Appeal from the United States District Court for the Middle
District of North Carolina, at Durham.  William L. Osteen, Jr.,
District Judge.  (1:07-cr-00122-WO-1)
_____

Submitted: December 11, 2008      Decided: December 15, 2008
_____

Before NIEMEYER, DUNCAN, and AGEE, Circuit Judges.
_____

Affirmed by unpublished per curiam opinion.
_____

Louis C. Allen III, Federal Public Defender, Gregory Davis,
Senior Litigator, Winston-Salem, North Carolina, for Appellant.
Michael Francis Joseph, Angela Hewlett Miller, Assistant United
States Attorneys, Greensboro, North Carolina, for Appellee.
_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Terwin Lemar Brown appeals his conviction and sentence imposed for possession of a firearm by a convicted felon. Brown's counsel has filed an appeal under Anders v. California, 386 U.S. 738 (1967), raising the issue of whether Brown's sentence was properly calculated and reasonable. The Government declined to file a brief. Brown has filed a pro se supplemental brief. Finding no error, we affirm.

Counsel raises the issue of whether the district court committed procedural or substantive error in determining Brown's sentence, but concludes that there was no sentencing error. A sentence is reviewed for abuse of discretion with the review encompassing both procedural soundness and substantive reasonableness. Gall v. United States, 128 S. Ct. 586, 597 (2007). Brown's counsel questions whether the court erred in attributing a total of five criminal history points for five separate convictions for misdemeanor criminal contempt for failure to pay child support. Because Brown was sentenced to thirty days for each conviction, the five criminal history points were properly attributed.

Next, counsel raises whether Brown's 81-month sentence was greater than necessary to comply with 18 U.S.C. § 3553(a) (2006). The properly calculated Guidelines range was 77 to 96 months. A sentence within the Guidelines range is presumptively

reasonable. The record reveals that the court considered the § 3553(a) factors and there is no indication that the district court abused its discretion in fashioning the sentence. Applying a presumption of reasonableness to the Guidelines sentence, see United States v. Go, 517 F.3d 216, 218 (4th Cir. 2008); see also Rita v. United States, 127 S. Ct. 2456, 2462-69 (2007) (upholding presumption of reasonableness for within-Guidelines sentence), we conclude that Brown has not rebutted the presumption of reasonableness and that his sentence is reasonable.

Brown's pro se supplemental brief challenges his arrest as a violation of the Fourth Amendment, alleges that he received ineffective assistance of counsel in pleading guilty, again challenges the inclusion of the five criminal history points for failure to pay child support, and alleges that counsel was ineffective in failing to present evidence that the criminal history was improperly calculated when a juvenile conviction was counted as an adult adjudication and the suspended portion of the sentence was improperly considered. After reviewing the record, we find no merit in these claims.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Brown's conviction and sentence. This court requires that counsel inform his client, in writing,

3

of his right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>